**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

KISHOR RAJ,

    Petitioner,

    v.

CHRISTOPHER LAROSE, PATRICK DIVVER, KRISTI NOEM, and PAMELA BONDI,

    Respondents.

Case No.:  3:26-cv-00369-BTM-AHG

**ORDER GRANTING PETITION FOR THE WRIT OF HABEAS CORPUS**

**[ECF NO. 1]**

Pending before the Court is Kishor Raj's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons stated below, the Court GRANTS the petition and orders Raj's immediate release from custody.

**I.      BACKGROUND**

Raj arrived in the United States on December 1, 2022, to seek asylum.  (ECF No. 1 ("Pet."), 5.)  On December 4, he was released on parole into the country. (ECF No. 9-1, Ex. A ("Decl."), at 2; ECF No. 1-2 ("IJ Ruling").)  Raj later obtained a work permit and began working as a delivery driver.  (Decl., 2.)  While driving a route in Arizona on March 19, 2025, Raj was detained by the Respondents.  (*See id.* at 2.)  The arresting officers did not provide Raj paperwork that explained why he was being detained.  (*Id.* at 2.)

26-cv-369

After Raj requested that the Respondents reevaluate his custody under 8 C.F.R. § 1236(d), an immigration judge reviewed his case on July 25, 2025, and denied his request. (IJ Ruling.) Raj remains in custody at the Otay Mesa Detention Center. (Decl., 2.) On January 9, 2026, Raj petitioned the Court for the writ of habeas corpus. (Pet., 8.)

## II.     DISCUSSION

Raj seeks relief on two grounds. First, he argues that the Respondents violated his Due Process rights by not explaining why he has been detained. (*See* Pet., 4.) Second, he argues that he was unlawfully denied bond. (*See* Pet., 5.)

The Respondents concede the second claim. They "acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 7, at 2.) Nonetheless, Raj claims that the violation of his Due Process rights warrants "immediate release outright, without a bond hearing." (ECF No. 9 ("Traverse"), at 2.)

The Court agrees. Because the Respondents improperly revoked Raj's parole and violated his Due Process rights, Raj is entitled to release on the first claim without a bond hearing.

### A.     Due Process

Raj challenges the violation of his Due Process rights on two fronts. First, that the Respondents detained him "without due process of law" under the U.S. Constitution. (Traverse, 3.) Second, that the Respondents violated the Administrative Procedure Act ("APA") and the Immigration and Nationality Act ("INA") by improperly revoking his parole before detaining him. The first argument was addressed in *Araujo v. LaRose*, No. 25-cv-2942-BTM-MMP, 2025 WL 3278016 (S.D. Cal. Nov. 24, 2025), and the second was addressed in *Arias v. LaRose*, No. 25-cv-02595-BTM-MMP, 2025 WL 3295385 (S.D. Cal. Nov. 25, 2025). Both decisions are adopted and applied here. The Court begins with the statutory argument.

An agency's action may survive review only if the agency sufficiently explains the action, which includes demonstrating a "rational connection between the facts found and

26-cv-369

the choice made." *Altera Corp. & Subsidiaries v. Comm'r of Internal Revenue*, 926 F.3d 1061, 1080 (9th Cir. 2019) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).  Additionally, a government agency is required to follow its own regulations.  *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954).  Under the Immigration and Nationality Act, noncitizens[1] at the border may be released into the country on humanitarian parole.  *See* 8 U.S.C. § 1182(d)(5)(A).  Under the governing regulation, humanitarian parole may be terminated only if the purpose of parole is accomplished, or humanitarian reasons and the public benefit no longer warrant parole.  8 C.F.R. § 212.5(e). Furthermore, the noncitizen must receive written notice of the parole's termination. *Id.*

Here, the Respondents failed to follow the statutory and regulatory provisions.  The Respondents did not explain their reason to detain Raj besides claiming that the laws had changed and that he was "too close to the border."  (Decl., 2.)  These are conclusory statements that do not connect their decision to detain with Raj's circumstances.  Furthermore, Raj did not receive written notice of the parole's termination.  This is sufficient to find that his parole was improperly revoked under the INA.[2]

The record is unclear whether Raj was granted humanitarian parole or a different parole under the INA.  Regardless, the Respondents

> failed to demonstrate that their revocation of [Petitioner's] parole was the product of reasoning decisionmaking. By denying [Petitioner] "the required procedure before purporting to terminate [his] parole, Respondents acted arbitrarily and capriciously and violated the APA." That revocation action caused [Petitioner] to be improperly detained.

2025 WL 3295385, at *4 (quoting *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025)).  Under at least the APA, Raj is entitled to habeas relief.

---

[1] This order uses the term "noncitizen" as equivalent to the statutory term "alien."  8 U.S.C. § 1101(a)(3); *see Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020).

[2] The record is inconclusive on whether Raj's asylum claim remains pending.  If so, then the purpose of his parole has also not been fulfilled.

Moving to the constitutional argument, the Fifth Amendment entitles noncitizens "to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Due Process for a parole revocation requires "(1) a decision by an appropriate official on whether the purpose of parole has been served; (2) written notice of the reasons for the termination; and (3) an opportunity to rebut the reasons given for the termination." *Araujo*, 2025 WL 3278016, at *2; *see also Noori v. LaRose*, 807 F. Supp. 3d 1146, 1165 (S.D. Cal. 2025).

Here, the Respondents failed to revoke Raj's parole according to due process of law. The record does not demonstrate that a statutorily authorized official made the decision to revoke Raj's parole. But as discussed earlier, the Respondents did not provide written notice of their reasons for revoking Raj's parole. Raj has also not received an opportunity to respond to the revocation of his parole. The Respondents violated Raj's right to Due Process independent of his statutory claims.

Because the Respondents violated Raj's Due Process rights under the APA and the U.S. Constitution, the writ must issue to release him from custody.

**B.  Bond Hearing**

Because the Court grants the petition on the first claim, Raj's claim that his bond hearing was unlawfully denied need not be reached. Count Two of the petition is dismissed without prejudice as moot.

//
//
//
//
//
//
//
//
//

26-cv-369

### III.   CONCLUSION

The petition for a writ of habeas corpus is **GRANTED** on the first claim without prejudice to other remedies the Respondents may pursue. The writ is **ISSUED**. The Respondents shall immediately release Raj from custody on his preexisting conditions. The second claim is dismissed without prejudice as moot. The parties shall file a statement as to the satisfaction of the writ by March 4, 2026, at 5 p.m. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated:  March 3, 2026

_____
Honorable Barry Ted Moskowitz
United States District Judge

5

26-cv-369